## JOHN W. ALLEN ET AL. v. PARKER COUNTY.

### Decided May 12, 1900.

**1. Jurisdiction of District Court—Enjoining Public Road.**

Where plaintiff's petition was for an injunction to restrain the taking of his land for public road purposes by virtue of proceedings alleged to be void, no amount of damages being alleged or sought to be recovered, the case was one falling within the residuary clause of the Constitution giving to the district court general original jurisdiction over all causes for which jurisdiction is not otherwise provided. Const., sec. 8, art. 5.

**2. Public Road—Jurisdiction of Commissioners Court—Waiver.**

The statutory notice of application to the commissioners court for the opening of a public road, and the requirement that all roads shall be laid out by a jury of view, not being essential to the jurisdiction of such court over proceedings to open a road, may be waived by an agreement of parties across whose land the road is opened. Rev. Stats., arts. 4686, 4688.

**3. Same—Jurisdiction Not Limited—Cases Disapproved.**

The commissioners court has general power and jurisdiction in the matter of public roads, and the words "as hereinafter prescribed," at the end of article 4671, Revised Statutes, limits such power only as to discontinuing or altering roads, and do not render the requirement as to notice of application for the opening of a new road a jurisdictional matter. Cummings v. Kendall County, 7 Texas Civil Appeals, 165, and other cases, reviewed and not followed.

**4. Same.**

Where, in an action to enjoin the opening of a public road, a party plaintiff alleges no pecuniary damage to himself, and his only interest consists in residence in the neighborhood of the road, he shows no such actionable interest or injury as will entitle him to maintain the action.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*McCall & Temple,* for appellants.

*Alexander & Fain,* for appellee.

CONNER, CHIEF JUSTICE.—This was an injunction suit instituted in the District Court of Parker County on the 26th day of August, 1889, to enjoin the opening of a second-class road "beginning at the north end of the Brazos River bridge on the Stephenville and Weatherford road and running west up said river to what is known as the 'old ferry crossing,' through the lands of the petitioners, J. W. Allen et al., and ending at what the order calls, 'an intersection with the Weatherford and Brock road.'"

A temporary writ of injunction was issued as prayed for, in accord-

ance with the order of the district judge. The case coming on for trial on October 6th thereafter, the court sustained appellee's exceptions to the writ and to the petition, dissolved the injunction and dismissed the suit, appellants declining to amend; hence this appeal.

It appears, among other things, from the petition and exhibits, that the order of the Commissioners Court establishing the road in question was as sought in a petition signed by C. N. Turner and twenty-one others whose qualification as signers is not questioned. It is averred that such order was void in that no notice of said application was given as required by article 4686, Revised Statutes, and in that said road was not laid out by a jury of review as provided by article 4688. It appears, however, that appellant Allen and others agreed, a contest arising, that the Commissioners Court should view out the several routes involved in the contest, and to abide by its selection and assessment of damages; that three of the commissioners, without being sworn as a jury of view, viewed out the proposed routes and reported to the Commissioners Court, recommending the route designated in said petition of Turner and others, and assessing appellant Allen's damages in the sum of $10. Appellent Allen appeared before the Commissioners Court, contested the opening of the road, and duly gave notice of appeal to the County Court from the order of the Commissioners Court adopting the report of said commissioners and assessing his damages in the sum of $30. It was alleged in the sworn answer of appellee that the amount of damage specified and claimed by Allen before said Commissioners Court hearing was $250, and it was in effect admitted in argument in behalf of appellants before this court that said sum constituted the extent of the damage involved, it not being alleged that appellant S. C. Davis suffered damage in any sum whatever, his alleged interest in the controversy being that of a citizen of Parker County residing in the neighborhood of said road, who with others had joined in recommending another route, and who had not joined in the agreement to abide by the selection of the Commissioners Court.

If the case be construed as one involving damages alone, as appellee insists, then, under the terms of our amended Constitution, the District Court was without jurisdiction, and its order dismissing appellants' suit was proper, without respect to other grounds upon which such order was based. See Constitution, art. 5, secs. 8, 16; Dean v. State, 88 Texas, 290; Lazarus v. Swofford, 15 Texas Civ. App., 367; Johnson v. Hanscomb, 90 Texas, 391.

We incline to the opinion, however, that the District Court had jurisdiction. This question is to be determined from the allegations of the petition, and the complaint therein was to the effect that appellants' land was about to be taken by virtue of an order and proceedings alleged to be void. No amount of damage was alleged or sought to be recovered. No other court is given jurisdiction, and the action would seem therefore to fall within the residuary clause of section 8, article 5, of the Constitution, which provides that the district court "shall have general

original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." So assuming, we shall proceed to dispose of the questions presented relating to the merits.

As before stated, the petition alleged that no written notice of the application of C. N. Turner and others had been given as required by article 4686 of the Revised Statutes, and no jury of review had ever been appointed by the Commissioners Court, as provided in Revised Statutes, article 4688. These facts were not denied in the answer, and must therefore be taken as true.

In the case of Cummins v. Kendall County, 7 Texas Civil Appeals, 165, in an opinion by Judge Fly, it was held, in effect, that the "full powers" granted commissioners courts by article 4671, Revised Statutes, to lay out and open public roads were qualified by the concluding terms of the article "as hereinafter prescribed," and hence that the several proceedings prescribed by the succeeding articles, such as the appointment of a jury of view, the notice by them to be given, etc., were jurisdictional facts without which an order of the commissioners court establishing a road was a nullity. To the same general effect is the case of Vogt v. Bexar County, 5 Texas Civil Appeals, 272, decided by the San Antonio court, and the case of McIntire v. Lucker, 77 Texas, 259, by the Commission of Appeals and adopted by the Supreme Court. In the latter case it was expressly held that the fact that the owner appeared before the commissioners court and urged his claim for damages did not constitute a waiver of the notice by the jury of view required by the article of the statute quoted.

It is not easy, perhaps, to distinguish these cases from the one at bar, but we nevertheless conclude that the proceedings mentioned are not jurisdictional in the sense that they can not be waived by the owner of land through which a road is established by the commissioners court. While the question was not before the court, it is perhaps not unworthy of consideration in this connection to notice that our Supreme Court, in the case of Sneed v. Falls County, 91 Texas, 168, declined to indicate whether a compliance with the statutes in some of the particulars involved in this case was necessary in order to legally lay out a road.

Section 18, article 5 of the Constitution, after directing the number and manner in which commissioners shall be selected, declares that "the county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of this State, or as may be hereafter prescribed."

Section 24, article 16, provides that "the Legislature shall make provision for laying out and working public roads," etc. The Legislature, in obedience to this express command of the Constitution, has so provided. We quote the following articles of the Revised Statutes:

"Art. 4671. The commissioners courts of the several counties shall

have full powers and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient as hereinafter prescribed."

"Art. 4682. It shall be the duty of the commissioners courts to class-·ify all public roads in the countries [counties] into first, second, and third-class roads, and to act as supervisors of roads in their respective precincts, as hereinafter provided, and commissioners courts may, on their own motion, where it is deemed necessary, open new roads or straighten existing ones."

We are of opinion that the provisions of the Constitution and statutes quoted confer upon the commissioners courts general jurisdiction and power over the subject matter of laying out and establishing public roads, and that the limitation of this power by the concluding phrase of article 4671 applies alone to the discontinuance or alteration of a road already established, as indicated by us in the case of Huggins v. Hurt, 23 Texas Civil Appeals, ante, p. 404. If this be the proper construction, it follows that the acts prescribed in articles following article 4671, with the exception indicated, relate to the manner in which the power conferred upon the commissioners court shall be exercised. If the power exists, acts of procedure may be waived, and a departure therefrom will not render void, in the strict sense of that term, the order of the commissioners court in the nature of a judgment establishing a road.

In line with this trend of thought, it was held in an opinion by Judge Williams, in the case of Kopecky v. Daniels, 9 Texas Civil Appeals. 305, that the written notice or advertisement of an application or petition for a road prescribed by article 4686, hereinbefore cited, was not essential to the validity of an order establishing a road in every instance. It was there held that the statute conferred power upon the court to lay out and open roads on their own motion, and that the notice mentioned in article 4686 applied only in cases where done upon the application of the citizen. The case of Onken v. Riley, 65 Texas, 468, was a case where Onken sought to enjoin the opening of a road on the ground that he had "had no notice of the proceedings." The court say: "He was present when it was so laid out by the jury, and was in attendance upon the court when their action was adopted and confirmed. We can not, therefore, see how this particular land owner * * * can make objection to the road on the ground that he had no notice of the proceedings." Mr. Elliot, in his work on Roads and Streets, page 243, says: "The general rule is that notice must be given, but it is within the power of the property owner to waive it," citing in support thereof cases from Wisconsin, Massachusetts, Minnesota, New Hampshire, Maine, Rhode Island, Connecticut, Virginia, Indiana, and our own case of Onken v. Riley. To the same general effect is it stated in section 379 of Lewis on Eminent Domain, citing many cases.

It seems to us that these authorities are inconsistent with the contention of appellants, in effect, that the absence of the written notice and appointment of and notice by a jury of view, here relied upon, is so

related to the question of the jurisdiction of the commissioners court as that there can be no waiver. Indeed, the very clause of the constitution relied upon forbids the taking of private property for public use without adequate compensation only when without "consent of such person." Const., art. 1, sec. 17.

It appears from the order of the Commissioners Court attached to the appellants' petition that appellants in open court, as well as by written agreement, consented that the Commissioners Court might select which of the roads appearing to be in controversy should be established; that the Commissioners Court, after a review by it of the different routes as agreed upon, determined upon the route specified in the petition of Turner and others. It also further appears that while appellant objected to such action, he nevertheless appeared before the Commissioners Court and urged his claim for damages, for which due provision is made in said order, after all which we think it now too late in this collateral action by injunction to take advantage of any irregularity in the proceedings. It is said by Mr. Lewis, in the section hereinbefore quoted, that "the courts will not exercise discretionary powers in favor of parties who have had actual notice and failed to appear, unless plain injury has been sustained." In the case before us the quantity and value of the land of appellant Allen taken is not shown, nor is complaint made of ineffective provision for the payment of the damage awarded him, nor was appeal prosecuted from the order of the Commissioners Court assessing his damage. We therefore fail to find any material pecuniary injury done him of which to complain.

It is insisted that the agreement referred to can not be construed as a waiver, in that it provided that the several contemplated routes should be reviewed by the Commissioners Court, whereas such review, if any, was by but three of the members of said court. Under our construction of the order of the Commissioners Court and the law, we are unable to sustain appellants' contention in this particular. The order recites that, "it appearing to the court that all of the parties owning land across which said road will run agreed before this court in open session on July 11, 1899, and have also by further written agreement dated July 18, 1899, bound themselves to leave the matter of the selection of the road and the question of the assessment of damages to this court for determination, and the court, in open session, after a review of said different routes as specified in said agreement and a report thereon by a majority of the commissioners, is of the opinion that the road as prayed for in said petition should be opened." It hence appears that there were two agreements, one made in open court, and one a few days later in writing to the same effect, and that the different routes were in fact reviewed "as specified in the agreement." But in the most favorable light for appellants in which the allegations can be put, there was a review of the routes by three of the commissioners, whose report was formally adopted by the Commissioners Court, thus making the act of the three the act of the entire court.

As to the appellant Davis we see no cause of complaint in any event. He avers no actionable interest or injury, and as stated by Mr. Wells in his work on Jurisdiction of Courts, section 411, void proceedings are so "only to those who have cause to complain on account of them. They are voidable only to those who are injured."

No reversible error appearing, we think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.