D. W. HOWE ET AL. v. B. F. ROSE, COUNTY JUDGE, ET AL.

Decided March 30, 1904.

**1.—Public Road—Report of View—Objections.**

When, on petition for opening a road, a jury of view has reported and recommended a location, no form is prescribed for the objection to the commissioners court against its opening mentioned in article 4695, Revised Statutes; and a written statement by one through whose land it is surveyed that he will take a less sum than the damages assessed if it is opened around instead of across his land, is a sufficient objection to laying it out as surveyed to authorize the court to depart from the line surveyed by the jury and accept that offered by such land owner.

**2.—Same—Discretion of Commissioners Court—Mandamus.**

The commissioners court is invested by the statutes with a discretion in determining the necessity for a public road and its location, which can not be controlled by mandamus.

Appeal from the District Court of Coleman. Tried below before Hon. John W. Goodman.

*Woodward, Baker & Woodward* and *F. L. Snodgrass,* for appellant.

*T. H. Strong,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by the appellants against the appellees constituting the Commissioners Court of Coleman County for a mandamus to compel that body to open and establish a public road.

The trial court sustained demurrers to the petition, and the appellants declining to amend, the case was dismissed. The petition is as follows:

"First. That the petitioners are resident citizens of Coleman County, Texas, at this time, and were such at the time the petition was filed with the Commissioners Court of Coleman County, Texas, for the public road hereinafter mentioned, and are interested in the establishment and opening out of the said public road, as laid out by the jury of view, as hereinafter mentioned and fully described, and the petitioners in this case were signers of the petition for said road as hereinafter set out as filed with the Commissioners Court of Coleman County, styled in the orders of court the Camp Colorado, Burkett and Cisco road No. 40.

"Second. That heretofore, to wit, on the 12th day of January, 1903, your petitioners, with other citizens of Coleman County, freeholders of said county, to the number of eight, signed a petition, which petitioned and asked the Commissioners Court of Coleman County, Texas, to lay out and establish a new second-class road, which petition was signed by eleven petitioners, and there was not less than eight freeholders included in the said number. That the said petitioners were freeholders in the precincts in which the said road was desired to be made, and the said petition specified the beginning and termination of

the said road proposed to be opened. That petitioner D. W. Howe gave twenty days' notice by written advertisement of the said intended application of the petitioners for said road by posting up the written notices of the intended application of said petitioners for said road at the courthouse door of said Coleman County, and also at two other public places in the vicinity of the route of said road, which said notice consisted of posting a written copy of the application for the said road. That the said petition for said road and all indorsements thereon which are each made a part hereof, was as follows:

"'Petition for a Public Road.—To the Honorable Commissioners Court of Coleman County, Texas: We the undersigned freeholders, residing in the precincts through which the following described proposed. road will run, pray that a public road of the second-class road forty feet in width be established in said county, having its points of beginning and termination, course and intermediate points as follows: Commencing at the southern termination of the Camp Colorado and Burkett second-class at the southwest corner of section No. 25, H. T. & B. Ry. Co. land, thence in a southwesterly direction to Camp Colorado, in the James Bradshaw survey, and following, as far as practicable, the route of the third-class road originally laid out from Camp Colorado to Burkett and intersecting the Coleman and Camp Colorado and Byrd Store road at Camp Colorado, and ending at Camp Colorado, in Precinct No. ——, the whole distance being about four miles; and your petitioners pray that a jury be appointed to lay out and survey said road and to assess damages. And your petitioners will ever pray, etc. Dated the 2d day of December, A. D. 1902. Petitioners: B. F. Sullivan, R. V. Graves, W. A. Smith, B. W. Wallis, M. R. Golson, H. E. Miller, D. S. Tabor, W. A. Tabor, J. F. Bryant, D. W. Howe, R. E. Harris.

"'Filed the 12th day of January, A. D. 1903. R. V. Wood County Clerk. February 12, 1903, to next term. B. F. Rose County Judge.

"'Petition granted as prayed for, and the following parties appointed a jury of view, to wit: Geo. Rae, John Brown, F. B. Colvin, J. P. Henderson, T. A. Burns. B. F. Rose, County Judge.'

"Third. That at a regular term of the Commissioners Court of Coleman County, and after the said notices were posted, to wit, on the 14th day of May, 1903, the said petition was taken up in open court by the said Commissioners Court of Coleman County, and the said court then and there granted the said petition and duly entered their action upon the minutes of said court by the following order here now set out, to wit:

"'Road Minutes, Book 3, page 451, May Term, May 14, 1903. Camp Colorado, Burket and Cisco Road, No. 40. Whereas a petition has been filed in this court signed by the requisite number of free-holders, petitioning this court for a second class road forty feet wide, having its points of beginning and ending as follows, to wit: Beginning

at the southern termination of the Camp Colorado and Burkett second-class road at the northwest corner of section No. 25, H. T. & B. Ry. land, thence in a southwestern direction to Camp Colorado in the James Bradshaw survey, and following, as far as practicable, the route of the third-class road originally laid out from Camp Colorado to Burkett and intersecting the Coleman and Camp Colorado and Byrd Store road at Camp Colorado and ending at Camp Colorado, the whole distance being about four miles. The court is of the opinion that the petition should be and the same is hereby granted, and the following freeholders are hereby appointed a jury of view to lay out and assess damages for the landowners over whose land the road will run, to wit, Geo. Ray, John Brown, F. B. Colvin, J. P. Henderson and T. A. Burns, and make report to this court of all things done by them at the next regular term of this court.'

"Fourth—That the court appointed the persons as named in said order a jury of view, and all of said persons so named duly qualified as such jury of view, and after so qualifying, proceeded at a time agreed upon by them to lay out and mark the said road, and gave the notices in writing required to the landowners through whose land the proposed road would run of the time when they would proceed to lay out such road and assess the damages incidental to the opening of the said, and same was served for the time required by law and for at least five days. That the said jury of view, at the said time as agreed upon, did proceed to lay out the said road and mark same, and also after so establishing and marking the said road assessed the damages to the landowners affected thereby and upon claims filed by the said landowners and made their report in writing to the Commissioners Court of Coleman County, Texas, the 10th day of August, 1903, and returned with the said report the claims of the owners for damages and their assessment of damages to the said Commissioners Court, which said report and claims and assessment of damages was duly filed with the clerk of the said court, and same with all indorsements made a part hereof as follows:

" 'Report of Jury in Road Cases.—In the matter of the petition, of D. W. Howe and others for a public road: To the Honorable Commissioners Court of Coleman County, Texas: We the undersigned freeholders and residents of the county of Coleman, and State of Texas, duly appointed a jury by the Commissioners Court of said county, at the May term thereof, A. D. 1903, as appears by the records of said court, to lay out, survey and describe a certain road designated in the application of D. W. Howe and others for a public road; having first been duly sworn according to law, and having given the five days' notice in writing to the landowners through whose land said proposed road may run, or their agents or attorneys, as required by law, did on the 10th day of August, A. D. 1903, proceed to view, lay out, survey and describe the premises designated in said application, and

would recommend that the said road be established in accordance with the field notes, survey and description of same, as follows:

" 'Beginning at the south end of the present located Camp Colorado and Burkett second-class road, the northeast corner of section No. 19 and southeast corner of section No. 20, both H. T. & B. R. R. Co., thence west with line between Nos. 19 and 20, 874 varas (Note R. B. N. W. of line) to stone mound 40 feet south of land line, thence south 45 west through said No. 19 (Note K, Note R. B. N. W.) of line at 1450 varas across wood branch 1600 varas in all on this line to a point in the east line of H. T. & B. R. R. Co. section No. 16, from which a liveoak bears south 41 west 12 varas, and a stone mound north 175 varas, thence south 41 through said section 16 (Note R. B. N. W. of line) 1051 varas to a stone mound in the north line of H. T. & B. R. R. Co., section No. 17, from which a stone mound bears west 241 varas, thence south 30½ west through said No. 17 (Note R. B. N. W. of line) 1922 varas to a cedar post in the east line of survey No. 432, from which the northeast corner of James Bradshaw survey bears north 118 varas, thence south 61 west 720 varas through said No. 432 to the intersection of the Coleman and Camp Colorado road at a gate just northeast from Henry Sackett's implement house in Camp Colorado Post.

" 'We would also report that having notified all the parties interested in our intended meeting, and of the purpose thereof, we did then and there hear all the testimony offered in relation to the damages sustained by the laying out of said road, and do assess the damages thereof due to each particular landowner (who presented to us a written claim for damages which is hereto attached) as follows, to wit:

" 'Henry Sackett, 6 2-10 acres, H. T. B. R. R. Co., sec. No. 19; Henry Sackett, 2 7-10 acres, H. T. B. R. R. Co., sec. No. 16; Henry Sackett, fence through Nos. 16 and 19, 5302 varas on both sides; J. C. Dibrell, 5 acres, H. T. B. R. R. Co., sec. No. 19; J. C. Dibrell, fence through No. 17, 3844 varas on both sides; Henry Sackett, 1 5-6 acres No. 432, 1440 varas on both sides; Henry Sackett, 10¾ acres roadbed at $7, $75.25; Henry Sackett, 3 1042-1900 miles fencing at $85 per mile, $300; Henry Sackett, damages in secs. Nos. 16 and 19 for tankage $85, total $460.25. J. C. Dibrell, 5 acres roadbed through No. 17, H. T. & B. R. R. Co., at $7 per acre, $35; J. C. Dibrell, stock bridge, $75; J. C. Dibrell, fencing 2 44-1900 miles at $85 per mile, $172; J. C. Dibrell, damages to land cut off northwest corner of No. 17, at $1 per acre, $159, total $441. All of which is respectfully submitted. In testimony whereof we have hereunto set our hands, this 10th day of August, A. D. 1903. J. A. McElrath, Surveyor; T. A. Burns, Geo. Rae, J. P. Henderson, J. C. Brown, Jurors.'

" 'Coleman, Texas, August 10, 1903.—To the Hon. Road Reviewers of the Camp Colorado and Burkett Road: I hereby claim as damages for the amount of land utilized by the above road running across my land, to wit: If road is located as viewed on July 20, 1903, I claim

a stock bridge valued at $75; 5 acres of land I value at $7.50 per acre, and incidental damages on portion of land cut off at $1 per acre, to be surveyed by county surveyor, 159 acres, $159, and $85 per mile for fencing said lane, 2 miles, $170, total $439. If road is located on north and west boundary line of section 17 H. T. & B. R. R., as asked for by me, all I ask is $5 per acre for roadbed, 7 acres at $5—35. J. C. Dibrell, Claimant.'

" 'Coleman, Texas, August 10, 1903.—To the Hon. Road Reviewers of the Burkett and Camp Colorado Road: I hereby claim as damages for the amount of land utilized by the above road running across my land, based on the adoption of route as reviewed by you, and in keeping with the field notes as substituted by the county surveyor: For roadbed through sections Nos. 17 and 16, H T. & B. R. R. Co. and James Bradshaw survey, No. 432, about 10¾ acres, $100, for fencing road surveys 6742 varas, $315; for damages to section No. 19, H. T. & B. R. R. and No. 16, $85; in Coleman County, $500. Henry Sackett, Claimant.'

"Fifth. That the said report of the said jury of view came on to be heard thereafter on the 19th day of August, 1903, and that same was submitted to the court and the petitioners represent that no objection was filed to the said report of the said jury of view. That same was duly considered in open court and the said court decided that the road was of sufficient importance to be opened. That the same was an application for a new road (that is, a second-class road where no second-class road existed) on the route as far as practicable of a third-class road between the said points mentioned in the said order, which said third-class road had been previously established. That the said court at the time was not composed of a full court. That there was present at that time but three of the commissioners together with the county judge of Coleman County. That the order of the said court as then made is as follows:

" 'In Commissioners Court: This court this day, August 14, 1903, having under consideration the report of the jury of view on proposed second-class road from the southeast corner of section No. 20 to Camp Colorado Post on the James Bradshaw sur. No. 433, pursuant to adjournment of the regular August term, 1903. It is ordered by the court that said report be and the same is hereby approved and adopted in all things, except as to the route as surveyed over section No. 17, H. T. & B. R. R. Co. land owned by J. C. Dibrell, and in lieu of the route therein set out and the damage to said landowner the roadbed offered by said Dibrell is accepted and adopted, to wit: 40 feet of land south and west of the north and west line of said section No. 17 from the point where said jury of view's survey of road crosses the said north line of said survey No. 17 to the point where it crosses the west line of said survey, and that the sum of $1 be allowed said J. C. Dibrell, owner of said survey No. 17, in lieu of the damage allowed him

by the jury of view; and it is further ordered that the county treasurer of Coleman County set aside in his office, subject to the order of the various landowners, the sum of $461.25 to pay the damages herein allowed, and that the county clerk issue scrip on the road and bridge fund in the proper amount in payment of same, and that the road overseers through whose road precincts said road runs proceed at once to open same for public travel.'

"The act of said Commissioners Court as shown by the petition herein and the order on the report of the jury of view was in effect altering and changing a third-class road into a second-class road; that the said order of the Commissioners Court as to that part of the road laid out and established by the jury of view which was rejected by them, and another route established by the said court, was in excess of the power of the said Commissioners Court; that no jury of view was appointed to lay out or survey that portion of the route adopted by them, which was a change from the route selected by the jury of view; that that part of the changed route adopted by the court was not made after an actual view of the same by a majority of the Commissioners Court of that portion of the road sought to be changed; that is to say, said route was only viewed by the county judge and two of the said commissioners; that said change from the route as reported by the jury of view was not made with the unanimous consent of all the commissioners elected; that there were but three commissioners present with the county judge; that in adopting said change the county judge did not vote, and two of the commissioners voted for said change while one of the commissioners voted against said change in said road; that the said change as made and adopted by the Commissioners Court lengthened the route of the original third-class road, and the route of the second-class road, as reported by said jury of view, about 777 varas; that said commissioner that voted against the adoption of said change was one of the commissioners who made an actual view of said route; that there being no objection filed to the report of the jury of view and same thereby accepted by all parties at interest, the court acted in excess of its authority and had no discretion in the matter, but it was the duty of the court to adopt the said route as reported by the jury of view, and your petitioners and the general public had the right to demand that same be adopted; that the court in violation of its statutory duty, adopted a different route as to a portion of said route so reported under the circumstances as hereinbefore stated; that the court thereby, in the manner in which the said route was adopted, also acted in excess of its authority under the law. That the route reported by said jury of view and the route adopted by the court is indicated by a sketch hereto attached marked Exhibit "A," the dotted lines indicating the route adopted and change made by the court, and straight lines indicating the route reported by the jury of view; that no objection was filed to the report of the jury of view and no objections made by anyone

or the Commissioners Court to the damages as assessed, and amount assessed was satisfactory to landowners.

"That the change in the said road will be a source of inconvenience to the traveling public using the said route, and especially to the petitioners herein. That petitioners will use and travel said road and in so doing will be compelled to travel the extra distance in order to do so and will also be compelled to travel over a steep, abrupt hill hard to pull same, and the said route between the points covering the change is a more impractical route than the one reported by the jury of view. That it will require a considerable outlay of money to put said part of said road in condition to travel same, and then the route and road will be the distance longer than the one reported as hereinbefore alleged, and will be a much harder route on teams and vehicles to travel. That the route as reported is a good smooth route without any hills and will make a good roadbed at small cost.

"That your petitioners are interested in the location and establishment of said road as reported, because they will wish at times to travel same. That in traveling to the county site of Coleman County and to the market for their produce, the petitioner D. W. Howe and a majority of the parties signing the said petition will use the said road as the nearest and most practical route thereto, and are interested in so doing in having the shortest route and the best route for the said road. Petitioners are therefore directly interested in having the route as reported by the said jury of view adopted and laid out by the said court, and the said route as adopted in so far as the same changes the said route as laid out by the said jury of view rejected and set aside.

"The petitioners are all farmers and raise produce such as is usually raised on the farm, and it is necessary to transport same to market, and in so doing will of necessity travel the said road as the most practical route.

"That your petitioners are entitled to have this court issue 'a writ of mandamus to the said Commissioners Court, and the said county judge, compelling them to adopt the said route as reported to the court by the said jury of view, and to issue a writ of mandamus compelling them to set aside the said order changing the said route, and a writ of injunction restraining them from opening and laying out and working the said road on that part of the route as changed by the said order, for each and all of which they pray upon the facts as stated herein.

"Wherefore, your petitioners pray that the court grants them a preliminary writ of mandamus to the said defendants, requiring them to appear and show cause why the said writ should not be made permanent and that the hearing be set down for some day as the court may direct, and in the alternative that citation issue herein to the said defendants and they be required to answer herein, and upon hearing hereof that the court issue the writ of mandamus compelling and directing the said Commissioners Court to adopt the said report of the

said jury of view, as under the law it was their duty to do, instead of the route as made by them in so far as the change was made by them, and for such writs as may be necessary to compel the said court to set aside the said order in so far as the same adopts any other route than the one reported by the jury of view, and for such writs as may be necessary to enjoin the said court from opening out the said route, except as reported by the said jury of view and for costs and general relief."

It will be seen by the averments of the petition that the road in question sought to be established was a new road, and the purpose was not to alter or change a public road already existing. The Commissioners Court, according to the averments of the petition, did, in effect, adopt the report of the jury of view, with the exception that where the road passed over the land of one Dibrell they changed and deviated the course so as to increase the distance about 700 varas. It is averred in the petition that no objection was filed to the report of the jury of view, but the petition does set out a document signed by Dibrell, in which it is stated that he will remit the damages in his favor of $439, which were awarded to him, if the road is located on the north and west boundary line of his section 17, as asked for by him, and for which he will only charge $35.

It is contended by appellants that this does not constitute an objection. It appears from the averments that this request and proposition made by Dibrell was accepted by the Commissioners Court, and the road changed in accordance with the proposition there submitted. Article 4695 of the Revised Statutes, which is relied upon by the appellants as establishing the fact that the Commissioners Court, when no objection is filed, could not exercise any discretion in the matter, but must establish the road as selected by the jury of view, provides that if no objection be filed upon the report of the jury appointed upon an application to open a new road, the court shall proceed to establish and classify such road and order the opening out of the same, and shall appoint an overseer and apportion hands for same, as in other cases. The instrument copied in the petition signed by Dibrell is of a character to inferentially suggest to the mind of the Commissioners Court that he objects to the road being established where located by the jury of view, for he says that if the road is located as asked for by him, then he will remit all of the $439, except $35. The statute does not undertake to say what shall be the character and form of the objection presented to the Commissioners Court by the landowner, when it is sought to establish a road across his lands. Any written statement that indicates to the mind of the court that the landowner does object, would be sufficient for that court to pass upon the question as to whether the objection should be considered and the report of the jury of view approved or disapproved.

In this instance the Commissioners Court evidently considered that Dibrell's statement was tantamount to an objection; and if such is the

case, and the document is sufficient to constitute an objection, then the provision of the statute as quoted, which is relied upon by the appellants, authorized the Commissioners Court to exercise some discretion in passing upon the question as to whether they will or will not establish the road as reported by the jury of view. The Commissioners Court in passing upon this question evidently considered that there was an objection before them, and the averments of the petition do not establish the fact that they abused their discretion in passing upon this question.

Furthermore, independent of the view expressed, we are clearly of the opinion that the other provisions of the statute bearing upon the question of the authority of the Commissioners Court to open and establish roads are not arbitrary, but give to the court some latitude and discretion in determining the necessity of a road, and whether it should be established. Huggins v. Hurt, 23 Texas Civ. App., 405; Allen v. Parker County, 23 Texas Civ. App., 536. In both of these cases a writ of error was refused. In the first case, after quoting provisions of the statute, the court says: "The inference therefore, is that the Legislature intended that the action of the Commissioners Court as to the necessity of a road, its proper location, the form of the petition, the qualification of its signers and all other issues, save that relating to the damages, should be conclusive." In the last case cited this doctrine is practically reaffirmed, and the case of Cummings v. Kandall County, 7 Texas Civ. App., 165, relied upon by appellants, is, in effect, disapproved. Of course it is conceded that if such discretion existed, it could not be controlled by mandamus.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court, June 16, 1904.