McCLOSKEY et al. v. HEINEN.　(No. 7218.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1924. Rehearing Denied Nov. 26, 1924.)

1. Appeal and error ☞766—Assignments of error ordinarily held waived when matters complained of not in brief.

Ordinarily, assignments of error in overruling exceptions, not presented to or acted on by court, and not set out in brief, with pleadings, to which directed, and assignments complaining of giving and refusal of charges, and admission and exclusion of evidence, not set out, nor located by record references, will be *held* waived, and judgment affirmed.

2. Appeal and error ☞719(8)—Judgment enjoining county commissioners' court from opening road reviewed without assignments of error as presenting fundamental question.

Judgment perpetuating injunction restraining opening and operation of road *held* reviewable, even in absence of assignments of error, as presenting fundamental question in nullifying judgment of commissioners' court in matter peculiarly within its jurisdiction. Rev. St. 1911, arts. 6860, 6882.

**3. Eminent domain ⬤═19—Taking private property for purely private use, by opening road, unconstitutional.**

Taking of private property for purely private use, by opening road, would be subversive of constitutional guaranties.

**4. Highways ⬤═62—Judgments or orders of commissioners' court not subject to annulment or revision, unless it clearly exceeded powers, or grossly abused discretion.**

Where commissioners' court, in exercise of power, under Rev. St. 1911, art. 6882, to open road, has pursued statutory procedure, no other court may annul or revise its judgments or orders, unless it is clearly shown, by preponderance of evidence, that it transcended its powers, or grossly abused its discretion.

**5. Highways ⬤═42—Commissioners' court held not to have grossly abused discretion in ordering opening of road specially benefiting certain person.**

Commissioners' court *held* not to have grossly abused its discretion in ordering opening of road, furnishing short and only direct route to first-class road to nearest village and county seat, church, school, gin, and marketing facilities, to certain person and his relatives and tenants.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by D. D. Heinen against Augustus McCloskey and others. From judgment granting perpetual injunction, defendants appeal. Reversed and remanded.

Guinn & McNeill, of San Antonio, for appellants.

Ball & Seeligson and C. W. Trueheart, all of San Antonio, for appellee.

SMITH, J. This appeal is from a judgment granting a perpetual injunction, restraining the commissioners' court of Bexar county from opening and operating a third-class road across appellee's land in Bexar county. Appellee contended that the proposed road was being opened for the exclusive use of one Joe Steinbach, in getting from his home to the Seguin road, a distance of about 1,127 feet. The cause was submitted to a jury upon two special issues, the first of which, "Was the road in question solely for the use of Joseph Steinbach and family?" was answered in the affirmative, and the second of which was not answered, being propounded in the alternative. The injunction was based upon the finding of the jury.

[1] Appellants have flagrantly disregarded the rules prescribed for briefing causes in this court. They complain of the action of the court in overruling exceptions, which were not presented to or acted upon by the court, and which, with the plaintiff's pleadings aimed at, are not set out in the brief, in haec verba or in substance. They complain of the giving of charges, of the re-

fusal of charges, of testimony admitted, of the exclusion of testimony, when neither the charges, nor the testimony, nor the objections urged against them below are set out in the brief, nor are, in many instances, any record references given by which these matters may be located. Ordinarily, because of this condition, we would hold that the assignments of error were waived, and would affirm the judgment.

[2] But the judgment on its face, when considered in connection with the record as a whole, presents a question that we regard as fundamental in its nature, requiring notice and consideration by this court, even in the total absence of assignments of error, in that it appears that the district court has, by its judgment, nullified a judgment of the commissioners' court in a matter peculiarly within the jurisdiction of the latter, and which the district court may not disturb, except in extreme cases.

The statute (article 6860) provides that—

"The commissioners' courts of the several counties shall have full powers, and it shall be their duty to order the laying out and opening of public roads when necessary. * * *"

And, in article 6882, it is provided that—

"If the owner of the land is not satisfied with the assessment by the commissioners' court, he may appeal therefrom as in cases of appeal from judgment of justice's court; but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages. If no claim of damages is filed with such jury after notice, as provided in the preceding article, the same shall be considered as waived."

It has been held that the provision for appeal in article 6882 applies only to the award of damages, and not to the decree ordering the opening of the road (Leathers v. Craig [Tex. Civ. App.] 228 S. W. 997), and the language of the provision seems to warrant that construction. But, as we shall dispose of the appeal upon other grounds, we will omit a discussion and decision of this question.

[3] The injunction restraining the commissioners' court was based upon the single contention that there is no necessity for the proposed road, which the jury found had been ordered by the commissioners' court, for the sole use of one Joe Steinbach. It is therefore contended that the opening of the road will amount to a taking of appellee's private property, not for a public use, but for a purely private use, that of Steinbach, which, of course, would be subversive of familiar constitutional guaranties.

[4] It is now the well-settled rule in this state that in cases where a commissioners' court, in the exercise of the power given it in article 6882, has pursued the procedure laid down by the statute, no other court may

annul or revise its judgments or orders, unless it is clearly made to appear by a preponderance of the evidence, that it has transcended its powers, which is not contended here, or has grossly abused its discretion. 1 Elliott Rds. & Sts. § 215; Bourgeois v. Mills, 60 Tex. 76; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171. While it seems to be affirmatively held by those authorities that in extreme cases the district courts may revise the action of the local court in such matters, the contrary is stated by other courts to be the rule, except in cases where it appears that the local court has omitted some essential from the procedure laid down by the statute, thereby transcending its powers. Culp v. Com. Court (Tex. Civ. App.) 214 S. W. 944; Huggins v. Hunt, 23 Tex. Civ. App. 404, 56 S. W. 944; Vogt v. Bexar County, 16 Tex. Civ. App. 567, 42 S. W. 127; Howe v. Rose, 35 Tex. Civ. App. 328, 80 S. W. 1023; Decker v. Menard County (Tex. Civ. App.) 25 S. W. 727; Lawrence v. Gordon (Tex. Civ. App.) 209 S. W. 702; Allen v. Parker County, 23 Tex. Civ. App. 536, 57 S. W. 703; Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837.

It has also been held, and certainly with apparent reason, that the commissioners' court alone has the power to determine whether or not a proposed road is a necessity, and that, when such court acts upon the question after a jury of view, upon the prescribed notice to the landowner, has ascertained the best route, and assessed the damages, no other court has the power to revise or nullify such action. Huggins v. Hunt, supra.

So has it been held that, in determining the necessity of a proposed road, it is sufficient if it is designed for and subject to use by the public, and is not restricted to the use of particular individuals, or a class or classes. Its character does not depend upon its length, nor upon the places to which it leads, nor upon the number of persons who actually travel upon it. And although it may be designed primarily for the use of only one family, yet if it is so located that it presently may, and in time will, be indiscriminately used by those members of the public passing that way, the commissioners' court may properly, in its discretion, and by appropriate procedure, decide that it is a necessity, and order it opened. In such case the action of that court is conclusive upon the question. 1 Elliott Rds. & Sts. § 215; Decker v. Menard Co., supra.

[5] Whether the foregoing holdings may be given full effect or not, in view of the decision in Bourgeois v. Mills, supra, and those cases cited along with it, yet, even under a strict application of the rule laid down in those cases, there is certainly no showing in this cause that the commissioners' court grossly abused its discretion in ordering the opening of the road in question. The testimony is conclusive, as we understand it, from a careful study of the record, that the proposed road, which is only about 1,127 feet long, will furnish a short and the only direct route from the immediate community to the Seguin road, a highly improved road of the first class to Kirby, the nearest village, and to San Antonio, the county seat and commercial center, and that it will also furnish a direct way to church, school, gin, and marketing facilities, not only to Steinbach, but to his neighbors, Louis Eisenhauer, his father-in-law, and Mrs. Silvia Eisenhauer, another relative, as well as to the families of several tenants on the premises adjacent to Steinbach's. It seemed to be the theory upon which the case was presented and tried below that, because the Eisenhauers were relatives of Steinbach, and would use the road in visiting him, they should all be considered as part of the latter's "family," and that the tenants, who were "Mexicans," should be disregarded, in determining the necessity of the proposed road. But we do not think this relationship, or this peculiar incidental use made of the road, had any bearing upon the question, since Steinbach and each of the Eisenhauers owned and resided upon a separate, although adjoining, farm; nor did the fact that the Eisenhauers' tenants were Mexicans render less onerous the duty of the county to afford them road facilities. The evidence showed that at least as to Steinbach, if not as to all the others mentioned, no other public road was available to them for the purposes set out, whereas, the Seguin road, running within a few hundred feet of them, but heretofore cut off from them, is opened to them by the new road.

Under this state of facts, we think appellee failed in the court below to show the commissioners' court has abused its discretion in this matter, and that being the case, the judgment is reversed, and the cause remanded for a new trial.