### P. C. TAYLOR v. TRAVIS COUNTY.

#### No. 6559.

**Opening Roads—Jurisdiction.**—Construing General Laws of 1884, page 22, *held*, that the District Court has no appellate jurisdiction from awards of the County Commissioners Court allowing damages incident to the opening of public roads.

APPEAL from Travis.    Tried below before Hon. John C. Townes. The opinion gives a statement.

*Walton, Hill & Walton*, for appellant.—The court erred in dismissing the appeal and not taking jurisdiction of the case.    Const., art. 5, secs. 8, 15; Rev. Stats., arts. 1117 (subdiv. 6), 1126, 4367, 4372; Sayles' Civ. Stats., arts. 4360, 4372; Acts 1884, pp. 21 (arts. 4370–4372), 64 (secs. 3, 4).

*H. B. Barnhart*, for appellee.—1.    The District Court has no appellate jurisdiction from awards of the Commissioners Court allowing damages incident to the opening of public roads, and especially roads of the third class.    Const., art. 5, sec. 8; Rev. Stats., arts. 4364, 4389.

2.    We must look to the Constitution for appellate jurisdiction of the District Court from the Commissioners Court.    It will not be inferred, nor can it be conferred by statute in the absence of express authority from the Constitution.    Ex Parte Towles, 48 Texas, 413; Williamson v. Lane, 52 Texas, 343; Ex Parte Whitlow, 59 Texas, 273.

3.    The jurisdiction of the County Court can be enlarged by statute. Const., art. 5, sec. 22; Ex Parte Whitlow, 59 Texas, 273.

4.    Appellate jurisdiction has been conferred upon the County Court, and properly so.    Const., art. 5, sec. 22; Rev. Stats., art. 4372, as amended (Acts 1884, p. 22); Sheldon v. Eastland County, Texas Ct. App., Austin Term, 1887.

5.    The court did not err in refusing to take jurisdiction.    48 Texas, 413; 52 Texas, 343; 59 Texas, 273; 65 Texas, 146.

GAINES, ASSOCIATE JUSTICE.—This case is stated as follows in appellant's brief:

"The County Commissioners Court of Travis County, acting on the requisite petition of freeholders and the report of a jury of freeholders, entered its order establishing and opening a third class road across the land of appellant at its December Term, 1887, assessing damages to appellant at $175.    Appellant having filed with the jury a statement of his claims of damages for the land to be taken and injury to his property to the amount of $15,000, gave notice of appeal to the District Court, and within ten days filed his appeal bond with the clerk of the Commissioners

Court and procured and filed in the District Court at its next term a transcript of the proceedings in the Commissioners Court. The county attorney moved to dismiss the case from the District Court and his motion was sustained, the cause being dismissed for want of jurisdiction."

The dismissal of the case for the want of jurisdiction is assigned as error, and the sole question is, was the appeal properly taken to the District Court?

The statute in reference to opening public roads, approved February 5, 1884, gives the Commissioners Court power, with the aid of a jury of freeholders, to condemn land for that purpose and to assess damages therefor, and provides that "if the owner of the land is not satisfied with the assessment of the Commissioners Court he may appeal therefrom as in cases of appeal from the judgment of Justice Courts," etc. Gen. Laws 1884, p. 22. We think the determination of the question of the power of the District Court to hear the appeal in this case depends upon the construction of the provision quoted. If it should be held that the words "as in cases of appeal from Justice Courts" apply only to the mode of appeal, then there would be strong reasons for holding that the court to which the appeal was taken should be determined by the amount claimed by the land owner. But if on the other hand these words should be construed to mean that the appeal should be taken not only in the same manner but to the same courts as appeals from Justice Courts, then it is clear that the appeal in this case did not lie to the District Court. When the appeal in question was taken the County Court of Travis County had not been deprived of its civil jurisdiction, and appeals from all Justice Courts in that county lay to that court. Our Court of Appeals have held that the latter is the true construction (Shelton v. Eastland County, Austin Term, 1887), and we are of opinion that their conclusion is correct. If the provision of the statute quoted above was intended not only to regulate the manner of the appeal, but also to designate the court, we can see a good reason why it was not expressed that the appeal should be to the County Courts. In many counties these courts had been deprived of their civil jurisdiction, and it may not have been deemed politic in such counties to allow an appeal in these cases to these courts. If, however, it had been intended that the question as to which court to take the appeal should be determined by the amount of damages claimed, no reason is seen why it was not so expressed. Not only so, but there is a most excellent reason why it should have been so expressed, and the amounts fixed which were to determine the respective jurisdictions. If the amount in controversy as named in the Constitution to fix the jurisdiction of the two courts is to be the guide, we apprehend that when a sum between $500 and $1000 should be claimed an appellant would have some difficulty in determining to which court to take his appeal.

But it is insisted that the Act of February 6, 1884, passed at the same session of the Legislature, requiring the Commissioners Courts to open certain first class public roads throws light upon the act we have had under consideration and is to be construed with it. That act provides that the owners of land shall have the right of appeal to the District Court from the assessment made by the jury appointed by the county commissioners; and it is contended that this indicates the construction given by the Legislature to the corresponding provision in the former statute. We think, however, that the express mention of the District Court in the one act tends rather to show that it was intended thereby to provide for a different tribunal of appeal from that provided in the other. If the same court had been intended, it is but reasonable to presume that the same language would have been used in each statute. The provisions of the Act of February 5th are expressly made parts of the Revised Statutes. They provide for the changing of old roads and the opening of new ones of every class. They were not meant merely to meet a special emergency, but to enact laws permanent in character and needful at all times. On the other hand the Act of February 6th was evidently intended to provide for an emergency by requiring the Commissioners Courts of the several counties to lay out at once certain first class roads. Whenever the roads were established the law necessarily ceased to have effect. The fact that in the unsettled parts of the State the acquisition and enclosure of lands in large bodies had seriously impeded the free intercourse of the people of the State, and the further fact that it was deemed best at once to correct the evil and to provide against its recurrence in other quarters, were probably the leading considerations which led to the passage of the law.

In many if not in most of the counties where roads such as were required to be opened were not already established the population was small, and the County Courts presided over by judges with neither training nor experience in the law, and little capable of dealing with the questions which would be presented upon the appeal from the Commissioners Court. Besides, an appeal to the District Court may have been considered necessary for the protection of the interests of land owners not residing in the county in which these lands were situated. The interests of these persons were very largely affected by the operation of the law, and an appeal to the District Court from the judgment of the commissioners, while not unjust to the counties, was obviously to their advantage. It may be that this rather than any prospective amounts in controversy may have led to the enactment of the provision for such an appeal. In condemning lands for railroads, lands are taken in much larger quantities from each owner than for county roads, and yet in all these cases the appeal is to the County Court. But whatever the motive, we think the Legislature intended to provide a different court of appeal under one statute from that provided

in the other, and that in this case the appeal should have been to the County Court.

The judgment is therefore affirmed.

*Affirmed.*

Delivered May 20, 1890.