### J. L. HUGGINS v. E. S. HURT ET AL.

Decided April 14, 1900.

1. **Condemnation Proceedings—Jurisdiction of County and District Courts—Amount in Controversy.**

The county court has exclusive jurisdiction of appeals from the allowance of damages by the commissioners court in condemnation proceedings for the taking of land for public road purposes, irrespective of the amount of damages in controversy, and an independent suit for such damages to the amount of $2300 which the commissioners court had refused to allow can not be maintained in the district court.

**2. Public Road—Order of Court Opening Not Void.**

An order of the commissioners court opening a public road is not rendered void by the fact that the petition for the road was not signed by the requisite number of freeholders, since the statute also confers power on the court to open and lay out, of its own motion, such public roads as it may deem necessary. Revised Statutes, articles 4671, 4674, 4675, construed.

**3. Same—Same—Action of Commissioners Court Conclusive.**

The commissioners court alone has the power of determining whether or not the persons signing a petition for a public road are freeholders and residents of the road precinct, and its action in such matter is not subject to review by any other tribunal.

Appeal from Clay. Tried below before Hon. A. H. Carrigan.

*A. K. Swan,* for appellant.

*W. T. Allen,* for appellees.

CONNER, Chief Justice.—On December 17, 1898, appellant filed in the District Court of Clay County his petition in an alternative form, (1) to enjoin the opening of a public road over and across his land, which road had already been ordered to be laid out and opened; and (2) for damages to his lands adjacent and contiguous to said road, in the event said injunction should be refused, and praying for general relief.

The suit was against E. S. Hurt, county judge, and the four commissioners, as the Commissioners Court, and the other defendant Flowers, as road overseer, and in effect against Clay County.

A general demurrer to the petition was sustained, and appellant declining to amend, his suit was dismissed, to which action of the court error is assigned.

It appears from the averments of the petition that the Commissioners Court of Clay County, on the petition of Ed Wright and others, ordered a public road of the first class to be surveyed and laid out between the specified points and extending over appellant's land; that a jury of view was appointed before which appellant appeared, after due notice, and claimed the damages herein sought, amounting to $2434; that said jury allowed appellant but $10 per acre for the twelve acres of land actually taken, refusing to consider other incidental damages claimed; that the report of the jury of view, including said assessment of damages in his favor, was approved by the Commissioners Court of Clay County, and said road established, notwithstanding appellant appeared before it in person and by attorney and urged objections thereto, as well as to the insufficiency of the damages awarded, it being charged that said Commissioners Court also refused to consider any of the damages claimed by appellant save the value of the land actually taken. It was also alleged that of all the persons who signed said petition upon which the court acted "there was not exceeding five persons who are and were freeholders living or residing in any road precinct or precincts in which or through which said road is sought to be established as required by law."

The petition set out at length the damages claimed, and it is first insisted that the District Court alone had jurisdiction thereof.

We think it must be held that appellant's remedy for the alleged insufficiency of the damages awarded him was by an appeal from the judgment of the Commissioners Court to the County Court. Rev. Stats., art. 4673. It is true that the Constitution, in conferring appellate jurisdiction on the county courts in general terms, would seem to have limited it to cases where the amount in controversy is less than the damages claimed herein, but the assessment of damages as in this case, involving an action in the nature of condemnation proceedings, seems to be such special proceeding as that, under the terms of the Constitution, the county court may, on appeal from the commissioners court, hear and determine the issues pertaining thereto irrespective of the amount involved, as has been expressly decided several times. Taylor v. Travis County, 77 Texas, 333; Miller v. Wilbarger County, 26 S. W. Rep., 245, 54 S. W. Rep., 656. If correct in this, it follows that every question, save one to be hereinafter noticed, presented in appellant's petition was concluded by the action of the jury of review and of the Commissioners Court of Clay County.

It is next insisted, however, that the Commissioners Court was without jurisdiction to establish the road in question by reason of the alleged fact that the required number of freeholders had not signed the petition therefor.

If it be conceded that the Act of 1884, embodied in articles 4674 and 4675, was enacted to provide for an emergency, as indicated in the case of Taylor v. Travis County, 77 Texas, 333, and has application alone to the cases specified in said article 4674, nevertheless, by general law, to the commissioners courts of the several counties is committed "full powers," and it is made their "duty" to order the laying out and opening of public roads when "necessary." Rev. Stats., art. 4671. While it is true that in no instance, save as specified in article 4675, is it expressly made the "duty" of the commissioners court on their "own motion" to appoint a jury of view to lay out public roads, yet we think it by no means follows that under the article previously quoted such courts are without power to do so when "necessary," of which such courts alone may determine.

It is also true that the citizen may institute a proceeding to open a new road or to discontinue an existing one by a petition signed by the requisite number of qualified persons as provided by article 4687. But suppose a first class road between certain points in a given county should be "necessary," and less than eight freeholders lived in the precinct or precincts to be traversed thereby, or were unwilling in their own interest to have such road opened, then is it true that the traveling public is without remedy, and that the commissioners court is without power to appoint a jury of view and order it established? We think not, and that if it was the legislative intention to require such petition to be so

signed as a prerequisite to the exercise of power by the commissioners court, in any event it must be held to apply alone to the concluding sentence of article 4671, to wit, to the power of the commissioners court "to discontinue or alter" a road already established.

If this be the proper construction, the order of the Commissioners Court in appointing the jury of view and in establishing the road in question can not be said to be void by reason of the alleged fact that all of the signers of the petition were not freeholders, etc.

If mistaken in this construction, however, there is another view that leads to the same result. It is held, in effect, by our Supreme Court in the case of Scarborough v. Eubank, 93 Texas, 106, that to the county judge alone was committed the power of determining the necessary qualification of signers to a petition for a county seat election, and that his action in the matter was conclusive and beyond the power of the District Court to review. We can see no good reason why this principle should not apply here. In cases where a petition is necessary, the statute evidently commits to the commissioners court the power of determining who of the signers are freeholders, and the locus of their residence. No mode of contest is provided, no procedure for the trial of any such issue, and no power of review in any court indicated. On the contrary, the right of appeal conferred is expressly limited to the issue of damages claimed on account of establishing the road. See Rev. Stats., art. 4693. The inference therefrom is that the Legislature intended that the action of the Commissioners Court as to the necessity of the road, its proper location, the form of the petition, the qualification of its signers, and all other issues save that relating to the damages, should be conclusive.

We conclude that there was no error in the proceedings, and that the judgment of the trial court should be affirmed.

*Affirmed.*

Writ of error refused.