### MOODY v. HEMPHILL COUNTY.
(No. 1108.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1917.)

EMINENT DOMAIN ☞238(1)—LAYING OUT FIRST-CLASS ROADS—AWARD OF DAMAGES—APPEAL.

Appeal from award of damages in proceedings to lay out a first-class road is under Rev. St. 1911, art. 6866, to the district court; article 6882, giving appeal as from a judgment of a justice, and so to either the county or district courts, applying to other classes of roads.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 658, 659.]

Appeal from Hemphill County Court; J. L. Jennings, Judge.

Appeal by Thomas F. Moody in highway proceedings to the district court was on motion of Hemphill County dismissed, and from the order of dismissal, he appeals. Affirmed.

Hoover & Dial, of Canadian, for appellant. J. W. Sanders, of Canadian, for appellee.

HUFF, C. J. This is an appeal from an order dismissing an appeal prosecuted by Moody to the county court of Hemphill county from a decision of the commissioners' court of that county allowing damages to appellant and ordering a public road over his premises. On the 13th of May, 1916, the commissioners' court of that county, on its own motion, appointed a jury of view to lay out a first-class public road from Canadian, the county seat of Hemphill county, to the county line of Lipscomb county. A jury of view was appointed under the order on the 6th day of June, 1916, and proceeded to lay out the road and assess the damages. They

assessed damages to plaintiff's land at $10 per acre for meadow land and $6 per acre for other land taken by the road. This road covered about 30 acres of meadow land and about 7 acres of upland belonging to the appellant. The appellant was notified and he filed with the commissioners' court and the jury of view a statement of his claim to the amount of $2,160. The commissioners' court allowed approximately $350 for his damages. Appellant, the owner of the land, being dissatisfied with the award, appealed from the order of the commissioners' court to the county court of Hemphill county.

The county, by its attorney, filed a motion to dismiss the appeal on the ground that the county court had no jurisdiction thereof, but the appeal should have been taken to the district court, for the reason that the order was for a first-class road, laid out in pursuance of article 6863.

The court filed findings of fact and conclusions of law finding substantially as above stated, and further:

"I find that article 6863, Vernon's Sayles' Civil Statutes 1914, providing that first-class roads shall be laid out from county seat to county seat, had never been complied with by the commissioners' court of Hemphill county, and that said court was acting under the authority of this statute, and attempting to comply with the same when it laid out the road mentioned in this case."

Under the findings of the trial court and the record in this case, it appears the road was a first-class road, and laid out under article 6863, Revised Civil Statutes, from Canadian, the county seat of Hemphill county, to the county line of Lipscomb county, by the most direct and practical route. The commissioners' court of Hemphill county had not theretofore complied with this statute in laying out such road, and the commissioners' court was attempting, in making the order and appointing the jury of view, to comply with this article. The proceedings were therefore governed by the act of February 6, 1884. This act is carried forward in the Revised Civil Statutes of 1911 as articles 6863 and 6870, inclusive. Under article 6866 of the Revised Civil Statutes and section 4 of the original act appeal is given from the action of the commissioners' court to the owner of lands to the district court. It was also provided in that act (section 8, and now article 6870) that nothing in the preceding articles, and, as stated in the original act, nothing in this act, "shall be construed to prohibit the opening of other roads as is now provided by law." At the same session of the Legislature, February 5, 1884, the Legislature passed an amendatory act of several sections of the then Revised Civil Statutes, referring to public roads. Article 4372 of that act, and now article 6882, gave the owner dissatisfied with the assessment made by the commissioners' court the right of appeal therefrom "as in cases of appeal from judg-

ments of justice courts." This last article evidently refers to that class of roads mentioned in the amendatory act of February 5, 1884, as article 4360, and now article 6860, and not to the class of roads provided for in the succeeding act of the same Legislature passed the day following, and under which the road here in question was laid out. An appeal from the damages assessed by the commissioners' court in this case therefore was to the district court. This distinction in the classes of roads and the court to which the appeal would lie is clearly pointed out by Judge Gaines, speaking for the Supreme Court, in the case of Taylor v. Travis County, 77 Tex. 333, 14 S. W. 137. The opinion in that case concludes:

"But, whatever the motive, we think the Legislature intended to provide a different court of appeal under one statute from that provided in the other."

The case then under consideration fell under the act of February 5, 1884, and it was therefore held in that case the appeal should have been to the county court. See, also, Northington v. Taylor County, 62 S. W. 936.

The appellant contends that article 6882, providing that the owner may appeal as from a judgment of the justice court, gives the owner in the character of road here sought to be opened the right of appeal to either the county or district court. This contention is refuted by the very authorities cited by appellant. County v. Ray, 57 S. W. 76; Bell v. County, 29 S. W. 928; Miller v. County, 26 S. W. 245; Huggins v. Hurt, 23 Tex. Civ. App. 404, 56 S. W. 944.

We believe the county court had no jurisdiction of the appeal in this case, and the trial court properly dismissed the appeal.

The judgment is affirmed.