## MONTAGUE COUNTY et al. v. WHITE. *
### (No. 9748.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 18, 1922. Rehearing Denied April 15, 1922.)

**1. Eminent domain ⊙⊃277—Not necessary to present claims to commissioners' court before suing for land taken for highway.**

Rev. St. art. 1366, requiring claims concerning highways to be presented to the commissioners' court before suit, has no application to an action by a landowner against a county in trespass to try title to land taken in widening a highway and for an injunction and damages, as incidental to the ejectment of plaintiff.

**2. Ejectment ⊙⊃29—Claim before commissioners' court for damages from widening highway and appealed to district court held not to preclude ejectment by landowner.**

Where a landowner whose land was taken in widening a highway claimed damages before the county commissioners' court, and the claim was appealed to the district court, he was not thereby precluded from maintaining an action of ejectment and for an injunction and damages as incidental thereto, in absence of a showing that the causes of action in the two cases were the same, and that the former action for damages is still pending.

**3. Ejectment ⊙⊃29—Appeal from allowance of damages by commissioners' court, for widening road not between county seats, held not to abate action of ejectment in district court.**

Under Rev. St. art. 6863, providing for compensation to landowners for damages in widening roads between county seats, and giving an appeal to a district court only in cases of complaint of the amount of damages allowed by the county commissioners' court in widening or opening such roads, an appeal from an allowance of damages for widening a road not between county seats lies to a county court, and an appeal taken in such a case to a district court was of no force, and a plea in abatement based thereon, in an action of ejectment by the landowner against the county in a district court was properly overruled.

**4. Eminent domain ⊙⊃283 — Proceedings to widen highway held void, so that allowance of damages did not bar action for possession, injunction, and damages.**

In a proceeding before a county commissioners' court to widen a road, under Rev. St. art. 6885, prescribing the procedure to widen roads not between county seats, and limiting article 6860, giving commissioners' courts full power to order laying out and opening public roads, failure to show an order appointing some of the jurors as members of the jury of view, and to show notice was given to one whose land was taken or to the public, renders the proceeding void, and appearance before the commissioners' court by one whose land was taken, and a judgment for damages in his favor did not bar action in a district court to regain the land and for injunction and damages.

---

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 17, 1922.

**5. Appeal and error** ⟐⟐1033(8)—Party may not complain of error in his favor.

In an action of ejectment and for damages and injunction by a landowner against a county for land taken to widen a road, defendant may not complain on appeal because the trial court restricted the recovery to damages only.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Action by W. L. White against Montague County and others. From judgment for plaintiff, defendants appeal. Affirmed.

Hunt & Calaway, of Montague, for appellants.

Benson & Benson, of Bowie, for appellee.

CONNER, C. J. The appellee, W. L. White, instituted this suit against Montague county, special road district No. 3, the county judge, and the members of the commissioners' court, and by his amended petition, filed July, 12, 1920, complained that the county, road district, and the officers named, had illegally ejected him from a strip of land 15 feet wide and 182 varas long, along the northeastern boundary of a lot or parcel of land owned by him, adjacent to the city of Bowie. He alleged, in substance, that said land had been appropriated in an effort to widen a public road extending from Bowie to Sunset in said county, and that, in so doing, certain specified fruit trees had been destroyed and his other property lessened in value, all to his damage; in the sum of $1,250, and he prayed for an injunction to restrain any further use of the described strip of land, for the recovery thereof, and for his damages.

The defendants appeared and answered, first, by a plea in abatement, alleging the pendency in the same court of a former suit upon the same cause of action, and, second, that the claim declared upon had not been first presented and rejected by the commissioners' court of Montague county. The defendants further pleaded in bar, first, that plaintiff had appeared and presented his claims to the commissioners' court of Montague county, which, on September 19, 1919, had allowed him damages for widening said road in the sum of $77.50, and such appearance was pleaded as a waiver of the present action and such judgment as being final and conclusive. Further, a plea of not guilty.

The case was tried before the court without a jury, on January 13, 1921, which rendered a judgment for plaintiff in the sum of $500 damages, pretermitting any discussion or adjudication relating to the prayer for injunction or for the recovery of the land. From such judgment the defendants have duly prosecuted this appeal.

[1] We shall dispose of the questions presented in the case in the order of the pleadings as we have stated them, rather than in the particular order in which they are presented in appellants' brief. We are of the opinion that article· 1366, Rev. Statutes, requiring claims to be presented to the commissioners' court before suit, has no application to the present suit, it being one in the nature of a suit in trespass to try title and for injunction with a prayer for damages, as incidental to the alleged ejectment of the plaintiff. See Bowie County v. Powell (Tex. Civ. App.) 66 S. W. 237.

[2] Nor do we think the record shows such pendency of the former suit as would abate the present action. The record relating to this matter merely shows that appellee had, after some controversy, appeared before the commissioners' court and urged a claim for the damages done him by the widening of the road in question, and that the commissioners' court entered an order on its minutes allowing him $77.50 as damages, from which appellee appealed to the district court of Montague county, by giving an appeal bond and by filing in that court an original petition. An examination of that petition, however, shows that appellee's complaint therein was confined wholly to the question of damages. The cause of action therein presented cannot be said to be the same as the one here presented, and, in any case, to operate as an abatement of the suit, the cause of action must be the same. And it would have to further appear that such former action was still pending. It seems clear to us that the issues presented in the present case could not have been tried upon the petition formerly filed in the district court, and the record fails to negative, as should have been done, to make· the pleas sufficient, that the case may have been dismissed. See Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; John H. Payne v. Benham, 16 Tex. 364; Allen v. Read, 66 Tex. 13, 17 S. W. 115; Trawick v. Martin Brown Co., 74 Tex. 522, 12 S. W. 216, and cases cited in 1 Ency. Digest of Texas Reports, p. 4, par. b.

[3] Moreover, the record shows, as appellants admit, that the road in question was not one of those cardinal roads from a county seat to a county seat, provided for in article 6863, Rev. Statutes, and it is only in cases of complaint of the amount of damages allowed by the commissioners' court in opening or widening such roads that the appeal lies to the district court. See Moody v. Hemphill County (Tex. Civ. App.) 192 S. W. 265. In other cases, as the one before us, the appeal lies to the county court. For the distinction, see Moody v. Hemphill County (Tex. Civ. App.) 192 S. W. 265, and Showen v. Metropolitan St. Ry. Co., 164 Mo. App. 41, 148 S. W. 135. It follows that the appeal of

the appellee to the district court and his petition therein filed, relied upon as supporting appellants' plea in abatement, was of no force and effect, the district court being without appellate jurisdiction. The court, therefore, committed no error in overruling the appellants' plea in abatement.

[4] The pleas in bar, we think, are manifestly not well taken and may be disposed of briefly. The approved statement of facts in this case includes an agreed statement of all of the orders of the commissioners' court relating to the widening of the road in question. It will be unnecessary to set out all of those orders. It is sufficient to say that the first is an order appointing W. J. Messer "on the jury of view instead of R. E. Bell, to serve on said jury in connection with bond district No. 3." The next is an order relieving H. W. Williams of service on the jury of view in precinct No. 2 and appointing A. W. Chandler in his stead. The next is an order appointing J. W. Miller as a "juror of view for bond district No. 3 instead of J. W. Messer, who has moved out of the county." The next instrument is the report of the jury of view, reciting that:

"We, the undersigned, jurors appointed by the commissioners' court of Montague county, Tex., at the February term of said court, beg leave to submit our report in the matter of right of way from the Meridian road, in Montague county, Texas, from Bowie City limits to the Wise county line, south of Sunset, Tex.

"We recommend that damages as follows be allowed to the following named property owners affected: W. L. Wright $40 per acre for land used, county to build fence. * * * W. L. White, $100 per acre for land (adjoining city limits) used, county to move fence, $5 each for all pear trees destroyed. Road lines to angle from corner of yard to 60 feet width 50 feet from corner of yard.

"[Signed]　W. V. Smith.
"A. W. Chandler.
"G. J. Morris.
"F. R. Sandefer.
"J. W. Miller."

The next order is one of September 18, 1919, approving the report of the jury of view.

From the foregoing statement it will be seen that there was no order of the commissioners' court to establish or widen the road in question, nor an order specifically appointing a jury of view for that purpose, nor do the orders of the commissioners' court, the report of the jury of view, or any other evidence in the case, show that appellee, White, was given any notice to appear before the jury of view and present a claim for damages, and the evidence affirmatively shows that he was not present at the time the purported jury of view took the action of which appellee complains.

Assuming that the orders referred to are all of the orders relating to the controversy, as has been agreed upon and as the clerk certified, we conclude that the proceeding was void. An examination of our statutes, relating to the powers of the commissioners' court to establish and open roads, does not seem to disclose any specific authority on the part of that court to change or widen a road already established, except as prescribed in article 6885, which must be done upon application and, except also, probably, as to that class of roads mentioned in article 6863, already cited, relating to cardinal roads leading from county seat to county seat, which it seems the commissioners' court may open without petition therefor and without giving notice of their purpose to do so. As to all other classes of roads, at least, the county commissioners' court, in order to appropriate the lands of the individual owners, without their consent, must, as we think, take the particular steps required by the statutes. In discussing the subject, the author of 37 Cyc. says, on page 162:

"Authority under the order to open is exhausted by the action of those to whom it is directed, and cannot be resumed; and a road, once laid, cannot be altered, except by a new and original proceeding, according to the road law. This would be so, even though the boundaries do not precisely conform to the survey. The alteration of a highway must be effected in a regular proceeding for that purpose, and the statutory requirements must be strictly adhered to and complied with, especially in all matters that are intended to affect individuals or the general public with notice."

And article 6860 of the Revised Statutes, granting commissioners' courts "full powers * * * to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient," etc., is limited by the succeeding terms of the article, to wit, "as hereinafter prescribed." See Haverbekken v. Hale County Judge, 109 Tex. 106, 204 S. W. 1162, where it is said, quoting from the headnote:

"The power of the commissioners' court, under article 6860, Rev. Stats., to lay out and open public roads is thereby to be exercised 'as hereafter prescribed,' that is, under the limitations as to procedure imposed by the succeeding articles of the chapter; these requirements are jurisdictional and their observance essential to a valid exercise of the power of the court."

The succeeding articles of the chapter, which are now pertinent, are articles 6877, which provides that "all roads hereafter ordered to be made shall be laid out by a jury [of view] of freeholders of the county to be appointed by the commissioners' court," etc.; and article 6878, which prescribes the oath that such jury shall take, and article 6879, providing that, when the jury have "qualified, as provided in the preceding article,"

shall proceed to lay out and mark the road in accordance with the order of the court and the law, and to report their proceedings in writing to the next regular term of the commissioners' court; and article 6880, which provides that the jury of freeholders—

"shall issue a notice in writing to the landowners through whose lands such proposed road may run, or to his agent or attorney, of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same, which notice shall be served upon such owner, his agent or attorney, at least five days before the day therein named," etc.

By referring to the orders of the commissioners' court, of which we have hereinbefore given a synopsis,. it will be seen that the proceedings prescribed by the statutes were not followed in the effort to take the strip of land belonging to appellee for the purpose of widening the road. We have no order, as already stated, for the widening of the road, nor do we have an order appointing a number of the jurors as members of the jury of view, nor does it appear that such jury of view qualified as the statute provides, nor does it appear that any notice was given appellee or to the public of the purpose to open or widen the road. In numerous instances such failures have been held to render the proceeding void. This is particularly true with reference to the notice to the owner, required by the statutes. See McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; M., K. & T. Ry. Co. v. Austin (Tex. Civ. App.) 40 S. W. 35; Powell v. Carson County, 62 Tex. Civ. App. 197, 131 S. W. 235; Cooke County v. Dudenhaffer (Tex. Civ. App.) 196 S. W. 976.

It follows, the proceedings being void as we conclude, that appellee did not waive his right to damages or his right of action in this case, by his appearance before the commissioners' court, pleaded as a waiver. Nor was he concluded by the judgment of the commissioners' court awarding him $77.50. See Haverbekken v. Hale, County Judge, and McIntire v. Lucker, supra.

The assignments not disposed of by what we have said complain of the judgment as excessive, but we have carefully examined the evidence relating to the subject and think that the judgment of the trial court cannot be disturbed in that respect. While some complaint is made of the weight to be given to the testimony of one or more of the witnesses, the bill of exceptions fails to show that their testimony was excepted to for want of qualification, and the matter being entirely before the court and there being other sufficient evidence to support the court's conclusion, we think those assignments must be overruled.

[5] Nor do we think that appellants are in any position to complain because the court restricted his judgment in appellee's favor to damages alone, without decreeing the further relief of recovering the land and enjoining the county from in any manner using the strip in controversy. The appellee makes no complaint by cross-assignment or otherwise in this respect, and, as stated, appellants cannot complain.

We conclude that all assignments of error must be overruled, and the judgment must be affirmed.