## GEE v. DENTON COUNTY et al.    (No. 2751.)

(Court of Civil Appeals of Texas. Texarkana. May 3, 1923.)

Eminent domain &#9758;252—Appeal from award for land taken to straighten road is to county court.

Under Rev. St. art. 6882, providing that appeals from awards in proceedings to condemn land for roads shall be the same as other appeals from a justice court, an appeal from an award of a jury of freeholders for land condemned to straighten a public road in a county which had a road system for many years was properly taken to the county court; article 6866, providing that such appeals shall be to the district court, applying only to laying out roads by counties which at its passage had not a sufficient road system.

Appeal from Denton County Court; E. J. Key, Judge.

Proceeding by Denton County and others against A. H. Gee to condemn land. From an award of compensation, defendant appealed to the county court, from whose order dismissing the appeal, defendant appeals. Reversed and remanded.

Sullivan, Speer & Minor, of Denton, for appellant.

Robert H. Hopkins and B. W. Boyd, both of Denton, for appellees.

HODGES, J. This controversy originated in a proceeding instituted by Denton county to condemn the land of the appellant for use in straightening a public road. The jury of freeholders assessed appellant's damages at $495. That allowance being unsatisfactory, he appealed to the county court of Denton court. That appeal was dismissed upon the ground that the county court had no appellate jurisdiction. This appeal is from that order of dismissal.

Denton county files no brief, but presumably the ruling of the trial court is based upon the conclusion that this case is controlled by article 6866 of the present Revised Statutes. That article provides that appeals from the allowance made by juries appointed to assess damages resulting from locating public roads shall be to the district court. There is an apparent conflict between that article and article 6882, which provides that appeals from awards in such condemnation proceedings shall be as in other appeals from the justice court. Article 6866 is a part of an act approved February 7, 1884 (Acts. Sp. Sess. 18th Leg. c. 29), which bears the following caption:

"An act to require the commissioners' courts to lay out and open certain first-class roads."

It appears that the purpose of this act was to provide for an emergency then ex-

isting in certain counties of the state which were without a public road system. The concluding portion of the first section provides:

"That this law shall not apply to counties where there already exists a sufficiency of public roads."

Article 6882 is a part of another act passed by the same Legislature, and approved on February 5, 1884, Acts. Sp. Sess. 18th Leg. c. 13. This act appears to be a revision of the general public road law.

We think the case of Taylor v. Travis County, 77 Tex. 333, 14 S. W. 137, is decisive of this case. It is not necessary to restate what is there said concerning the legislative intent in passing the emergency act approved on February 7. The record in this case shows that Denton county adopted a public road system many years ago, and that this controversy grew out of an effort by the commissioners' court of Denton county to condemn land for the purpose of straightening an old road. The act of which article 5866 is a part has no application. The appeal was properly prosecuted to the county court of Denton county.

The judgment will therefore be reversed, and the cause remanded.