**CLARK et al. v. EAGLE et al.**

**No. 13377.**

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 29, 1935.

Rehearing Denied Jan. 10, 1936.

Houtchens & Houtchens, J. Elwood Winters, and J. Harold Craik, all of Fort Worth, for appellants.

C. H. Milliken and McLeod A. Greathouse, both of Fort Worth, for appellees.

MARTIN, Justice.

We adopt the statement of this case from appellant's brief as follows:

This is an appeal from an order of the Ninety-sixth district court of Tarrant county, granting a temporary injunction enjoining appellant from constructing certain improvements upon a building and lot in the Sylvan Heights addition (Riverside) of the city of Fort Worth, on the grounds that the improvements contemplated did not comply with certain building restrictions which appellees alleged to exist in that neighborhood.

The appellees, George Eagle, Clarissa Jackson, John H. McMillan, C. H. Still, J. O. Bishop, and Baker Brothers, a corporation, as petitioners in the court below, alleged that they were property owners in the Sylvan Heights addition; that on February 2, 1931, one J. J. Hurley had executed and recorded an instrument containing certain restrictive covenants on lot 4, block 18, of said addition (the lot in controversy), which were substantially the same as restrictions contained in other instruments theretofore filed by Hurley, as to other lots owned by him in that addition, which was done as a part of a general plan upon the part of Hurley and other property owners in the neighborhood, for the purpose of improving it for residential purposes; that said covenants were for the benefit of all property owners in the vicinity, as well as future owners; that the instrument filed by the said Hurley as to the lot in question provided, among other things, that any dwelling built should be of brick, and the construction cost not less than $4,000; that upon the failure upon the part of immediate or remote grantees to reserve and keep the restrictions, "the title to such property upon which such reservations and conditions are not kept and observed, shall immediately revert to the said J. J. Hurley, his heirs, assigns or administrators, together with the full fee simple title thereto."

The petition further alleged that defendant L. A. Clark had purchased lot 4, upon which was then located a small building, and had commenced altering, enlarging, and rearranging the same, for the purpose of converting it into a dwelling, the cost of which, when completed, would be much less than $4,000, and concluded with a prayer for a temporary restraining order and mandatory injunction commanding de-

fendant to remove all improvements placed by him upon said lot.

The defendant's answer contained a general demurrer, numerous special exceptions, and further alleged that prior to the time he had purchased lot 4, all of the property owners in the alleged restricted area, including the petitioners, or their grantors, had, on the 14th day of September, 1933, entered into a voluntary agreement in writing, releasing, and canceling all and singular such restrictions, and placed the same of record, and that defendant relied upon the same and would not have purchased the property and made such improvements had such restrictions not been released of record; that by reason of the fact that petitioners executed and recorded such release of restrictions and permitted the same to remain of record for nearly a year prior to the time defendant purchased lot 4, they were estopped to claim that such restrictions were then in force, as to him.

Defendant's answer further alleged that if there ever was a mutual agreement among the property owners in the Sylvan Heights addition by which they would each file restrictive covenants against their respective lots, such agreement was never reduced to writing and was void under the statute of frauds, and that defendant had no knowledge or notice thereof.

Defendant further pleaded that any restrictions existing in the addition, including the restrictions placed upon lot 4 by the said J. J. Hurley, were purely of an ex parte nature, created solely for the use and benefit of the individual owner adopting and recording the same, and that no one except the said Hurley, who had created the restrictions on lot 4 and sold same to defendant, could be heard to complain, if such restrictions could be considered in force after the execution of said release.

Defendant further pleaded that such restrictions, if in force, were unreasonable, since the costs of constructing the houses in the alleged restricted area ranged from $1,000 to $3,000, and that the improvements which he was making enhanced the value of other property in the neighborhood.

The petitioners filed a supplemental petition denying that all of the owners in the addition had signed the release of restrictions, and alleging that those who signed it did so with the understanding that they would not be bound thereby until all owners had signed the same. The sup-

plemental petition also contained an unsworn plea of non est factum, alleging the signature of one of the petitioners, C. H. Still, was not genuine, and that the signatures of the petitioners J. H. McMillan and Baker Bros. were not authorized.

The petition was filed on the 27th day of July, 1935, and set down for hearing July 29, 1935, at which time the court below, after hearing evidence and argument from both sides, granted the temporary restraining order, enjoining defendant from proceeding further with the construction work, and fixing the injunction bond in the sum of $100, to which defendant excepted and gave notice of appeal.

The trial court filed findings of fact and conclusions of law, which were objected and excepted to by defendant.

Within twenty days from the entry of the order, granting the temporary injunction, defendant filed his appeal bond, and duly perfected his appeal, by filing his transcript and statement of facts in this court.

■ The trial court filed findings of fact in this case which fully support the judgment rendered. These findings are attacked by appellants in a number of assignments of error. The assignments may be treated together in deciding this appeal. It will be noted that the injunction granted is temporary, that is, an interlocutory order maintaining the status quo of the property involved until a final adjudication of the rights of the parties may be had by final trial. In such cases the rule as stated in 24 Tex.Jur. 313, is as follows:

"In all appeals from interlocutory orders granting or refusing a writ or dissolving or refusing to dissolve one, the sole question is whether the trial court abused its discretion in entering the order appealed from. Many cases enunciate the rule that the grant or the refusal of an injunction or a dissolution or refusal to dissolve will be reversed only when a clear abuse of discretion is shown."

■ Recognizing this to be the rule of law governing this court in such cases, we have carefully examined the entire record in this case, read all the testimony brought forward in the statement of facts, given special study to the briefs of the parties, and find that we are unable to say that the learned trial court abused his

discretion in granting the temporary injunction prayed for in this case. In view of the final trial of the case upon its merits, we refrain from any extended discussion of the issues presented by the appeal.

The judgment of the trial court is affirmed.