**NORWOOD et al. v. TAYLOR COUNTY et al.**

No. 1675.

Court of Civil Appeals of Texas. Eastland.

March 6, 1936.

Rehearing Denied April 24, 1936.

Louis S. Wise and Kirby, King & Overshiner, all of Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

GRISSOM, Justice.

This suit was brought by appellants against appellees praying for an injunction against said county, its judge and commissioners, restraining them from opening a road across appellants' land. Pending final hearing, a temporary injunction was sought. The verified petition was presented to the judge of the 104th district, who set the cause for hearing upon application for temporary injunction, defendants filed an answer which was not verified, evidence was heard, and the temporary injunction denied, except as to a portion of the land owned by Norwood.

Conceding that appellants' petition was sufficient to authorize the issuance of the temporary injunction, nevertheless the district judge could hear oral evidence if he desired to do so, and it was not error for the judge to refuse to grant the injunction based solely upon the allegations of the petition. Harding v. W. L. Pearson & Co. (Tex.Com.App.) 48 S.W.(2d) 964, 966; 24 Tex.Jur. §§ 133, 134 and 135, p. 179 et seq.; Article 4654, R.S.1925.

It is contended that the condemnation proceedings were void because had under title 116, c. 2, art. 6702 et seq. R.S.1925, as amended, Vernon's Ann.Civ.St. art. 6702 et seq., which provides for establishing county roads, instead of under title 52 (Eminent Domain), Art. 3264 et seq., as amended, Vernon's Ann.Civ.St. art. 3264 et seq. which prescribes the procedure for establishing state highways. Stating the substance of the controversy differently, it is contended by appellants that the road in question is a part of the state highway system, while appellees contend they are establishing a county road, not a highway. Many orders and extracts from the minutes of the state highway commission and the commissioners' court of Taylor county covering a period of approximately three years were introduced in evidence. To attempt to set out such evidence would extend this opinion to unreasonable length. The evidence was sufficient to show that the portion of the road in controversy had been conditionally designated as a state highway. Whether such conditions precedent were fulfilled or complied with is not conclusively shown. There was also evidence tending to show that the designation had been canceled. The county judge testified, in substance, that the road had not been under construction, nor had it been maintained, by the highway commission, and that the commission had not ordered plans prepared for such road as a highway. Until vested rights are acquired by others, the highway commission may revoke its orders and cancel a prior designation of a highway. Heathman v. Singletary, County Judge, et al. (Tex.Com.App.) 12 S.W.(2d) 150. If the conditions precedent found in the designation were not complied with, or if the highway commission lawfully canceled the designation of the road in question as a highway, then it was not a state highway when the condemnation proceedings were had, and the county properly proceeded under the statutes providing for the laying out of county roads. Title 116, c. 2, and amendments thereto. We deem the evidence sufficient to authorize a finding by the trial judge either that the conditions precedent had not been fulfilled, or that the designation had been canceled, or both. Parkey et al. v. Archer County et al. (Tex. Civ.App.) 61 S.W.(2d) 175 (writ refused); O'Keefe v. Hudspeth County et al. (Tex. Civ.App.) 25 S.W.(2d) 625.

The federal government appropriated funds for the improvement of roads not a part of the state highway system. Evidently the main purpose of the appropriation

was to provide work for the unemployed. To take advantage of this federal appropriation, the Texas Legislature enacted a law providing for the expenditure of such funds on county roads through the state highway department. Chapter 377, p. 1549, Acts First Called Sess. 44th Leg. (1935), which became effective October 10, 1935 (Vernon's Ann.Civ.St. art. 6672 note). Apparently it was the purpose of Taylor county and the highway commission to take advantage of the federal appropriation, improve the county roads, and relieve the unemployed. Such purpose is in accord with the acts of Congress and the Texas Legislature, and the acts of the defendants in an attempt to accomplish such purposes are not evidence of fraud or collusion.

■ Appellants contend that the petition to open the road having completely described the proposed road, and the majority of the petitioners having signed the petition under a mistake of fact, thinking they were asking for a state highway from Abilene to Cross Plains, in Callahan county, such petition afforded no legal basis for appointment of a jury of view to lay out a county road and the proceedings thereunder were void.

The record discloses that the statutory requisites for such petition (article 6705, Vernon's Ann.Civ.St.) were complied with. It also shows that some of those signing the petition may have assumed that it was a petition for a state highway; it does not show misrepresentation or fraud on the part of the commissioners' court nor those presenting the petition to its signers. Some of the petitioners may have been negligent in informing themselves as to the contents of the instrument signed, but, we think, it is not indisputably proved that the petition was signed by the majority under such mistake of fact.

■■ We are of the opinion that the record does not support the third assignment. The evidence certainly does not conclusively show that the petitioners were solicited to sign the petition by or at the instance of the commissioners' court, whatever the effect of such action, if had, might be. It is true that the jury of view had a map in their possession which had been prepared by an engineer for Taylor and Callahan counties and that they adopted the route designated on such map in laying out the road. It is not shown that the jury were instructed to lay out the road shown by the map, or that they were prevented from considering any other route. There was evidence that the jury of view laid out the road in the manner and place they considered to the greatest advantage to the public. The fact that the jury of view adopted the proposed road shown by the map does not of itself show that it was not the road, which, in the judgment of the jury, should be adopted. Hill v. Taylor County (Tex.Civ.App.) 294 S.W. 868; Allison v. Sutton County (Tex.Civ.App.) 278 S.W. 928, 931.

■ The juror Hodge did not travel over the proposed route with the other jurors; he inspected it the following day; however, after inspection was made he met with the other members and participated in making the report laying out the road, assessing damages, etc. There is no statutory requirement that the jury of view shall inspect the route of the proposed road in a body. This may be desirable, but we do not consider it essential. All statutory requirements appear to have been substantially complied with. Article 6706 et seq., R.S. 1925; Huggins v. Hurt, Judge, et al., 23 Tex.Civ.App. 404, 56 S.W. 944; McCloskey v. Heinen (Tex.Civ.App.) 266 S.W. 193.

"The rule is also well established in this state that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and that the court's action will not be disturbed on appeal, unless it clearly appears from the record that there has been an abuse of such discretion." Harding v. W. L. Pearson & Co., supra. Clark et al. v. Eagle et al. (Tex.Civ.App.) 89 S.W.(2d) 795.

No such abuse of discretion is shown here.

■ The plaintiff Willis Norwood obtained an injunction as to certain of his land, outside of the 100-foot right of way, which was condemned for borrow and drainage purposes.

We believe that he was the successful party within the meaning of article 2056, and no statement of good cause for adjudging the cost otherwise than as provided in said article appearing in the record, the judgment is modified so that no costs are adjudged against Norwood, and the costs taxed against him by the trial judge are adjudged against Taylor county. Article 2066, R.S.1925; Case Threshing Machine Co. v. Manes (Tex.Com.App.) 254 S.W. 929; Bryan v. McKinney (Tex.Civ.App.) 279 S.W. 475; Hall v. Ellwood (Tex.Civ. App.) 34 S.W.(2d) 892; 11 Tex.Jur. p. 237, § 7.

As modified, the judgment is affirmed.