

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 2, 1948

Hon. Otto P. Moore, Sr.　　　　　Opinion No. V-675
County Attorney
Colorado County　　　　　　　　Re: The authority of the
Columbus, Texas　　　　　　　　　　Commissioners' Court
　　　　　　　　　　　　　　　　　　to condemn an ease-
　　　　　　　　　　　　　　　　　　ment over private pro-
　　　　　　　　　　　　　　　　　　perty to enable fish-
　　　　　　　　　　　　　　　　　　ermen to have access
　　　　　　　　　　　　　　　　　　to a river.

Dear Sir:

　　　　Reference is made to your recent request which
reads, in part, as follows:

　　　　"1. Does a number of private citi-
　　zens, who call themselves the general pub-
　　lic, have a legal right to force a land
　　owner whose land abuts Colorado river in
　　Colorado County, Texas, to give or provide
　　an easement or roadway over and across his
　　private property in order that they or the
　　general public may have a passageway to
　　and from said river to fish therein?

　　　　"2. Does the Commissioners Court of
　　Colorado County have the legal right to
　　condemn lands for an easement or public
　　road over private property in order for
　　the fishing public to get to the river
　　to fish?

　　　　"The facts are as follows:

　　　　"From where U.S. Highway No.90 cross-
　　es Colorado River at Columbus, Texas, there
　　is a distance of about four or five miles
　　along said river there is no way to get to
　　the said river except over private property
　　of the abutting land owners unless they fol-
　　low the meanders of the river along its
　　banks. From time to time during the past
　　the public have been given permission to go

across the said private property to get to
the river to fish, but from time to time the
land owners have suffered damages and had
trouble because of the wrongful acts of some
of the ones going across said private proper-
ty.   Therefore the land owners gave notice
that the public would not be allowed to go
over their property.   Since then a number
of citizen appeared before the Commission-
ers Court and asked that an easement or pub-
lic road be made across said property in or-
der that the fishing public might have a
passage way to and from said river in or-
der that they might fish therein without
having to go around the river banks to get
there, claiming that gates and a passage
way had to be provided at a distance of
each mile along said inclosures.

The question then arose as to whether
or not Colorado County, acting through its
Commissioners Court could legally condemn
private property for an easement or a road-
way to said river, to be used by the fish-
ing public to get to the said river to fish
therein, without having to follow the banks
and meanders of the said stream."

Inasmuch as your first question involves pri-
vate rights, we are not permitted by law to answer same.
Therefore, we shall confine our remarks to question No.
2 of your request.

Article 2351, V. C. S., provides, in part,
that:

"Each commissioners court shall:  .  .

"3. Lay out and establish, change and
discontinue public roads and highways. . ."

Article 6703, V. C. S., provides, in part, as
follows:

"The commissioners court shall order
the laying out and opening of public roads
when necessary, . . :   .

In the case of Havenbekken v. Coryell County,

112 Tex. 422, 247 S.W. 1086, the court said:

"Commissioners' courts are created
by the Constitution, and are given by its
express terms such powers and jurisdiction
over all county business as are conferred by
the provisions thereof, or by the laws of
the state. The statutes confer upon such
courts full power and jurisdiction to lo-
cate, establish, and open public roads and
to condemn the land necessary therefor. In
the exercise of these powers they are courts
of general jurisdiction, and the validity of
their proceedings is to be determined by the
rules applicable to such courts. Having ac-
quired jurisdiction of the subject-matter
and of the party or parties, they may, ex-
cept as restrained or prohibited by law,
exercise such powers according to their
discretion."

In the case of Bradford v. Moseley, 223 S.W.
171, the court said:

"What is a public road is in a measure
dependent on the facts of each particular
case, but the character of a road does not
depend on its length, nor upon the place to
which it leads, nor is its character deter-
mined by the number of people who actually
travel upon it. Decker v. Menard (Civ. App.)
25 S.W. 728; Elliott on Roads, Secs. 1 to 7.
A road may be established which is a cul-de-
sac. Id. A road open to the public is a
public road, though one person may be most
benefited by it."

In Vol. 1, paragraph 9, 4th Ed., Elliott on
Roads and Streets, page 11, it is stated, in part:

"Public roads are such as are open to
the public and are under the control of
the state or its governmental instrumen-
talities, as counties, townships, road dis-
tricts and local subdivisions of a similar
character. Such roads are set apart to the
public and are maintained at the public ex-
pense."

Also in the same Vol. paragraph 215, page 260, we find:

"Roads and streets used by the public, with a right in all the public to use them, are undoubtedly public, and private property may be appropriated for the purpose of constructing such ways. The test is, not simply how many persons do actually use them, but, how many have a free and unrestricted right in common to use them; for, if the public generally are excluded, the way must be regarded as a private one; if the public have the right to use the way at pleasure and on equal terms, it is a public one, although in reality it is little used. If it is a public road, open to all who may desire to use it, the fact that it accommodates but a limited portion of the public, even where it is ordinarily used by only a single family, has been held to make no difference. . ."

In the case of Bradford v. Mosely, supra, the court in passing upon the question of necessity of a public road said:

". . . It is obvious from the statement of the case that the whole controversy resolves itself into one question: Did the commissioners' court of Palo Pinto county abuse the discretion vested in it by law in opening the road?

"This is true because it is a part of the statement of facts that evidence of all the statutory requirements precedent to the opening of the road was offered, and that all were in due and legal form, and the trial court found that the commissioners' court determined that a necessity for the road existed, and that due notice was given. Such finding was as binding as would have been the verdict of a jury." (Emphasis added)

In the same case reported in 190 S.W. 824, and reversed on other grounds, the Court of Civil Appeals held:

"The inference therefrom is that the
Legislature intended that the action of
the commissioners' court as to the nec-
essity of the road, its proper location,
the form of the petition, the qualifica-
tion of its signers, and all other issues
save that relating to the damages, should
be conclusive."   (Emphasis added)

Also the Supreme Court in this case further
said in 223 S.W. at page 173:

"Latitude and discretion is allowed
commissioners' courts in the matter of open-
ing roads, and, it being their duty to open
road 'when necessary,' they may act upon
their own motion.  Huggins v. Hurt, 23 Tex.
Civ. App. 404, 56 S.W. 944; Allen v. Parker,
23 Tex. Civ. App. 536, 57 S.W. 703, writ of
error denied.

"The language of the statute (subdi-
vision 7, art. 2241) as to 'the power and
duty of the commissioners' court as to
courthouses and jails' is exactly the same
as is subdivision 3, relating to roads, and
it has been expressly held that the exer-
cise of that power is left to the discre-
tion of the commissioners' court. . ."

The answer to your second inquiry depends en-
tirely upon a fact finding by the Commissioners' Court
that the proposed road is necessary for public use.  Its
discretion is final unless clearly abused.  If all of
the statutes are complied with, and the Commissioners'
Court finds that such public road is a necessity, then
in view of the foregoing, it is our opinion that the
Commissioners' Court may condemn private property for
such a road.

## SUMMARY

Whether a public road is a necessity
is a fact question to be ascertained by the
Commissioners' Court.  If the statutes are
complied with and the Commissioners' Court

finds that a public road is a necessity,
it may condemn private property for such
a road.  Bradford v. Moseley, 223 S.W.
171; Articles 2351 and 6793, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BA:mw

By *Bruce Allen*

Bruce Allen
Assistant

APPROVED:

*Price Daniel*

ATTORNEY GENERAL